Plaintiffs in this case are prosecuting this appeal from a judgment rejecting their demands and awarding the defendant, George Hayes, plaintiff in reconvention, judgment for $198 and costs.
The suit arose as a result of a collision in the 1800 block of Fairfield Avenue in the city of Shreveport. It is alleged that the accident occurred on December 11, 1944, about 6:30 p.m. The plaintiff, Roosevelt Pitts, owned a 1941 model Buick Sedan, being operated at the time by his employee, Emile Simmons, which collided with an International Truck, the property of the defendant, George Hayes, being operated at the time by an employee, Elmo Mims.
Just prior to the time of the collision, an automobile was parked about the center of Fairfield Avenue and the operator was evidently undertaking to get it started, which he did just before the collision. This parked car had emitted a large quantity of smoke which obscured the vision of drivers approaching the vicinity. The Buick automobile was being driven north and the truck was being driven south. The parked automobile was also headed south and just before the truck and the sedan reached the scene of the smoke the driver of the parked car got it started and proceeded south. The plaintiff contends that the driver of the truck pulled the truck over onto his left-hand side of the street and collided the left rear wheel of the truck with the left front part of the Buick, and he and his witnesses testified to that effect. The driver of the Buick admitted that he drove into this smoke and that he could not see and did not see the truck. In an effort to support the theory that the driver of the truck had pulled to the left, plaintiff and some of his witnesses testified that there was a car parked on the west side of Fairfield at the curb and that the driver of the truck had pulled to the left to pass this parked car. However, this testimony is disputed by the defendant and his witnesses. In view of the physical set-up of the two vehicles after the collision, we think that there is grave doubt as to whether there was a car parked as testified by plaintiff and his witnesses.
The version of the driver of defendant's truck as to the manner in which the accident happened is that some time before he reached the place where the smoking car was parked that he saw the smoke and slowed the truck down and was practically stopped at the time. He saw the lights of the Buick automobile and says that the Buick was pulling to its left-hand side and he pulled as far as he could to the right and the front wheels of the truck were some three or four feet from the curb on the west side of Fairfield, at the time the collision occurred. Evidently the rear wheels of the truck were nearer to the center of the street than the front end of the truck.
[1] From all of the evidence in the case we reach the same conclusion as did the District Judge, that the accident was caused by the negligence of the driver of the Buick automobile. He was grossly negligent in driving into the smoke when he admits he could not see ahead. We feel certain that the collision occurred west of the center of Fairfield.
It was admitted by the plaintiffs that the amount claimed in reconvention is correct and the defendants also admitted that the amount claimed by the plaintiff is correct.
[2] The plaintiff in reconvention prayed for legal interest from judicial demand. The decree did not award any interest and as the appeal has not been answered, we cannot correct the judgment so as to allow interest.
For the reasons above assigned, the judgment appealed from is affirmed at the cost of plaintiff in both courts. *Page 644